Catherine Cabalo (SBN 248198)
Khushpreet Mehton (SBN 276827)
PEIFFER WOLF CARR KANE CONWAY & WISE, LLP
555 Montgomery Street, Suite 820
Tel:  (415) 766-3592
Fax:  (415) 402-0058
Email: ccabalo@peifferwolf.com
          kmehton@peifferwolf.com

Irakli Karbelashvili, Esq. (SBN 302971)
AllAccess Law Group
1400 Coleman Ave Ste F28
Santa Clara, CA 95050
Telephone: (408) 295-0137
Fax: (408) 295-0142
irakli@allaccesslawgroup.com

*Attorneys for Plaintiff Jackson Sherry*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACKSON SHERRY,<br><br>            Plaintiff,<br><br>     vs.<br><br>MONTAGE HEALTH; COMMUNITY HOSPITAL OF THE MONTEREY PENINSULA; and DOES 1-10,<br><br>            Defendants | Case No. 5:24-cv-00755<br><br>***Civil Rights***<br><br>**COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF AND DAMAGES:**<br>1. Violation of Title III of the Americans with Disabilities Act;<br>2. Violation of the Unruh Civil Rights Act;<br>3. Violation of California Government Code Section 11135;<br>4. Violation of Section 504 of Rehabilitation Act; and<br>5. Violation of Section 1557 of the Patient Protection and Affordable Care Act.<br>**DEMAND FOR JURY TRIAL** |

## INTRODUCTION

1. This is a civil rights action for discrimination based on disability. Accordingly, Plaintiff Jackson Sherry seeks injunctive and declaratory relief, damages, attorney's fees, costs, and litigation expenses pursuant to the Americans with Disabilities Act of 1990 ("ADA"), California Unruh Civil Rights Act, and, against Defendants Montage Health and Community Hospital of the Monterey Peninsula (collectively, "Defendants"), the owners and operators of a medical facility located at 23625 Holman Highway in Monterey, California (hereinafter the "CHOMP" facility).

## JURISDICTION

2. This Court jurisdiction over this action pursuant to 28 U.S.C. § 1331 for violations of federal law and supplemental jurisdiction for claims brought under parallel California law, arising from the same nucleus of operative facts pursuant to 28 U.S.C. § 1367.

## VENUE

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b). The real property which is the subject of this action is in this district, and Plaintiff's causes of action arose in this district.

4. <u>Intradistrict Assignment</u>: This case should be assigned to the San Jose intradistrict as the real property which is the subject of this action is in this intradistrict and Plaintiff's causes of action arose in this intradistrict.

## PARTIES

5. Plaintiff Jackson Sherry ("Plaintiff" or "Mr. Sherry") is a resident of Monterey, California. At all times relevant to this Complaint, he is qualified as a "person with a disability" within the meaning of the ADA and California law who cannot walk due to quadriplegia and who requires use of a wheelchair for locomotion. Mr. Sherry has been issued a California state placard and/or license plate for disabled parking, entitling him to park in a properly configured disabled accessible parking space.

6. Defendant Montage Health is a California nonprofit corporation with its primary place of business in Monterey, California. At all times relevant to this Complaint, Defendant Montage

1  Health was and is a provider of healthcare services in Monterey County, and was and is the
2  owner, operator, lessor, and lessee of the businesses, properties, facilities, and/or portions thereof
3  located at 23625 Holman Highway in Monterey, California, known as the Community Hospital
4  of the Monterey Peninsula.
5  7.   Defendant Community Hospital of the Monterey Peninsula ("CHOMP") is a California
6  nonprofit corporation with its primary place of business in Monterey, California. At all times
7  relevant to this Complaint, CHOMP was and is the owner, operator, lessor, and lessee of the
8  businesses, properties, facilities, and/or portions of the CHOMP facility (the "Hospital").
9  8.   The true names or capacities, whether individual, corporate, associate, or otherwise, of
10 defendants Does 1-10 are unknown to Plaintiff, who therefore sues said Doe defendants by such
11 fictitious names. Plaintiff is informed and believes and thereon alleges that each of the
12 fictitiously named Doe defendants is in some manner legally responsible for the events and
13 happenings herein referred to, which caused injury and damages to Plaintiff as herein alleged.
14 Plaintiff prays for leave of Court to amend this Complaint to show such true names and
15 capacities when the same have been ascertained.
16 9.   Plaintiff is informed and believes that each of the Defendants herein is the agent, servant,
17 employee, and/or representative of each of the other Defendants and performed all acts and
18 omissions stated herein within the scope of such agency or employment or representative
19 capacity and/or as part of a joint venture and common enterprise with one or more of the other
20 Defendants, and is responsible in some manner for the acts and omissions of the other
21 Defendants in proximately causing the damages complained of herein. All actions alleged herein
22 were done with the knowledge, consent, approval, and ratification of each of the Defendants
23 here, including their managing agents, owners, and representatives.

## FACTUAL ALLEGATIONS

25 10.   The Hospital, including, but not limited to, its designated accessible parking facilities,
26 paths of travel, entrances, and procedures are each a "public accommodation" and part of a

1  "business establishment," subject to the requirements of multiple categories of § 301(7) of the
2  ADA (42 U.S.C. § 12181(7)(F)), and of California Civil Code §§ 51 *et seq*.

3  11.     Mr. Sherry has been a patient of the Hospital since approximately January 1, 2016. Mr.
4  Sherry has sought ongoing treatment at the Hospital to treat his quadriplegia since 2016. Mr.
5  Sherry anticipates returning to the Hospital annually for imaging and to treat unresolved
6  abdominal pain.

7  12.     On or about October 11, 2022, Mr. Sherry visited the Hospital for a CT scan. All of the
8  available designated accessible spaces in the garage and street level parking areas were occupied,
9  and the Hospital had completely obstructed three of the street level designated accessible spaces
10 with a trailer. After circling around several times to find parking, Mr. Sherry was finally able to
11 locate a designated accessible space that could accommodate his vehicle.  *Please see* Google
12 Earth image below depicting location of a trailer blocking designated accessible parking stalls
13 closest to the ramp and entrance to the Hospital.



1  13.	Unfortunately, once parked, Mr. Sherry's accessibility difficulties continued. Mr. Sherry exited his vehicle and pushed his manual wheelchair across the parking lot and up the curved ramp that leads to doors to CHOMP, and specifically to the Comprehensive Cancer Center. Mr. Sherry struggled to get up the curved ramp, and when he got to the Comprehensive Cancer Center, the doors were locked and would not automatically open. There was a sign on the inside of the doors indicating the main hospital entrance was the only open entrance.

14.	As a result, Mr. Sherry was forced to make his way to the main entrance, because that was the only accessible entrance open. There was no informational or directional signage that indicated otherwise. Mr. Sherry was left with no other option but to squeeze himself and wheelchair between the pillars and the building to round the corner in the direction of the main entrance. The path of travel was not wide enough to accommodate wheelchair users and had several deep and wide spaces between tiles which made traversing the path difficult and dangerous as there was no barrier between the path and the adjacent planter box. Mr. Sherry was apprehensive as he traveled along this path in his wheelchair, as he feared losing his balance and falling into the planter box as he maneuvered towards the main entrance. *Please see* the images on following page that depict this condition:

 

15. On November 12, 2022, Mr. Sherry emailed the Hospital (information@chomp.org) and informed them of the difficulties he encountered with the trailer obstructing available designated accessible parking spaces and access aisles and the non-accessible route of travel. He received no response from the Hospital.

16. On or about March 24, 2023, Mr. Sherry returned to the Hospital. Although the trailer had been removed from the designated accessible street level parking area, there were now several work trucks obstructing the accessible parking spaces, continuing to render these designated accessible spaces unusable to Mr. Sherry. *Please see* image on the following page taken by Mr. Sherry during this visit depicting a work truck obstructing the designated accessible parking area.



17. On or about August 27, 2023, Mr. Sherry went to the Hospital to visit a friend receiving treatment at the Comprehensive Cancer Center. Mr. Sherry encountered the same access barriers again as he made his way from the street level parking lot up the curved ramp to the entrance. He found the same doors at the top of the curved ramp were unlocked this time, but he could not open the doors because they were too heavy for him to open on his own. A sign also obstructed

1  the entrance. *Please see* below for image of Comprehensive Cancer Center and hospital entrance
2  at the top of the ramps from the street level parking lot.



Without any other option, Mr. Sherry was forced again to maneuver with difficulty between the pillars and the building and use this inaccessible and dangerous path of travel to make his way to the hospital entrance. This path of travel is too narrow and has several deep and wide spaces between the tiles, making traversing the path difficult and dangerous, as there is no barrier between the path and the adjacent planter box.

18. On November 21, 2023, Mr. Sherry visited the Comprehensive Care Center again to visit his friend treating there. He experienced all of the same barriers as described above in paragraph 8.

19. Plaintiff has experienced difficulty every time he has visited the Hospital, and he intends to return, as he continues to treat with medical providers there.

20. Plaintiff's goal in this suit is positive: to make the Hospital accessible and free of architectural barriers to access with policies, procedures, and practices to ensure maintenance of physical elements in a manner fully accessible to persons with mobility disabilities and their families and/or friends who accompany them to events at the Hospital.

21. In addition to the experiences and architectural barriers to access described herein, Plaintiff consulted a Certified Access Specialist (CASp) who identified many barriers to safe and independent use of the Hospital and its related facilities by persons with mobility disabilities:

    a. **Accessible Parking:**
  i. There is no directional signage indicating the options or locations of accessible parking disbursed throughout the Hospital;
  ii. The designated accessible parking area at the street level parking lot is not located along the shortest accessible route to the accessible entrance of the Hospital;
  iii. The current route of travel requires disabled individuals to use a ramp and travel longer distances that would be required if the designated accessible parking were located at the parking area nearest the Hospital's main entrance;
  iv. Some of the designated accessible parking spaces lack posted signage including "MINIMUM FINE $250" and/or "Van Accessible" signage;
  v. There are no compliant van accessible parking spaces at the street level parking lot (at least two (2) are required);

      vi. There are five (5) Electric Vehicle Charging Spaces (EVCS) in the same area as the designated accessible parking – none of which are configured as required to van-accessible or standard EVCS;

      vii. There is not an accessible route of travel connecting the EVCS parking area to the route of travel leading to the main Hospital entrance;

b. **Route of Travel from Above-Ground Accessible Parking:**

      i. The pedestrian ramp that is part of the route of travel to the main Hospital entrance is curved;

      ii. The route of travel lacks appropriate detectable warnings at both sides of the drive aisle;

      iii. The route of travel along the side of the building, on one side of the walk, and leading to the main hospital has a blended transition without a detectable warning to the drive aisle on the other side of the walk;

      iv. At the corner of the building, the width of the walk is reduced to less than 48";

c. **Designated Accessible Parking Area at Parking Garage:**

      i. There are no compliant designated van accessible parking spaces in the Parking Garage (of the seven (7) designated accessible);

      ii. None of the designated accessible parking spaces have the required posted signage indicating "MINIMUM FINE $250" and/or "Van Accessible";

      iii. The single designated accessible parking space at the entrance of the Emergency Room has a diagonal layout with offset access aisle which does not run the full required length and width of the space and is not van accessible; and

      iv. Where the route of travel at the head of the accessible parking spaces in the parking garage passes adjacent to the vehicle turnaround near the elevators, the width of the route of travel reduces to less than 48" and to

less than 36" between the corner of the building and the bollards protecting the vehicle turnaround.

22. Plaintiff seeks an injunction to protect the rights of disabled persons, including Plaintiff, under federal and state law. Plaintiff also seeks an award of statutory damages, compensatory damages, treble damages, punitive damages, and an award of statutory attorney fees, litigation expenses and costs.

## FIRST CAUSE OF ACTION:
## VIOLATION OF TITLE III OF THE ADA
### [42 U.S.C. § 12181, *et seq.*]

23. Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in all paragraphs of this Complaint and incorporates them herein by reference as if separately repled.

24. Plaintiff is a "qualified individual with a disability" for purposes of § 12188(a) of the ADA who is being subjected to discrimination based on disability in violation of Title III and who has reasonable grounds for believing he will be subjected to discrimination each time that he may attempt to use the subject facilities. Plaintiff has impairments that substantially limit one or more major life activities.

25. "Private entities" that are "public accommodations" under the ADA include a "professional office of a health care provider, hospital, or other service establishment," such as the Hospital. *See* 42 U.S.C. § 12181(7)(F)).

26. Defendants have discriminated against Plaintiff in violation of Title III of the ADA by the following (without limitation): (a) providing benefits that are unequal to that afforded to people without disabilities by not providing an accessible features; (b) failing to make reasonable modifications in policies, practices, or procedures (at the Hospital) when such modifications are necessary to afford, and would not fundamentally alter the nature of, the goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities; (c) failing to take steps as may be necessary to ensure that no individual with a disability is excluded,

denied service, segregated, or otherwise treated differently than other individuals because of the absence of auxiliary aids and services; (d) failing to construct the Hospital in compliance with applicable federal standards for accessibility; (e) failing to remove architectural barriers that are structural in existing facilities where such removal is readily achievable; and (f) where Defendants can demonstrate the removal of architectural barriers is not readily achievable, failing to make the goods, services, facilities, privileges, advantages, or accommodations available through alternative methods if such methods are readily achievable.

27. Here, ability to safely park in an accessible parking space, use an accessible path of travel and safely enter/exit the Hospital is a fundamental necessity. Without this ability, Plaintiff is unable to available himself of the goods and services offered at Hospital on a full and equal basis. Therefore, the benefits of creating access does not exceed the costs of readily achievable barrier removal. These costs are fundamental to doing business, like any other essential function of operating a public accommodation. It is thus readily achievable to remove these barriers. Furthermore, these are the types of barriers identified by the Department of Justice as presumes to be readily achievable to remove.

28. The acts and omissions of Defendants set forth herein were in violation of Plaintiff's rights under the ADA and the regulations promulgated thereunder, 28 CFR Part 36 *et seq*.

29. On information and belief, Defendants have continued to violate the law. If Defendants do not make necessary modifications in policies, practices, or procedures, and continue to fail to communicative effectively with people with disabilities, Plaintiff will be harmed again.

30. Pursuant to section 42 U.S.C. 12188, Plaintiff is entitled to the remedies and procedures set forth in section 204(a) of the Civil Rights Act of 1964, 42 U.S.C. 2000(a)-3(a), as Plaintiff is being subjected to discrimination on the basis of disability in violation of the ADA or has reasonable grounds for believing that he is about to be subjected to discrimination.

WHEREFORE, Plaintiff requests relief as outlined below:

## SECOND CAUSE OF ACTION:

## VIOLATION OF UNRUH CIVIL RIGHTS ACT

### [California Civil Code Section 51, *et seq.*]

31. Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in all paragraphs of this Complaint and incorporates them herein by reference as if separately repled.

32. At all relevant times to this Complaint, Defendants were and are the owners, operators, lessors, and lessee of the Hospital, a business establishment within the meaning of the Unruh Act.

33. Defendants have violated the Unruh Act by their acts and omissions including, but not limited to:

   a. Failing to provide accessible features at the Hospital for Mr. Sherry and others with similar mobility disabilities;

   b. Failing to construct, alter, and/or maintain the Hospital in compliance with state building code and state architectural requirements;

   c. Failing to modify their policies and procedures as necessary to ensure Plaintiff full and equal access to the accommodations, advantages, facilities, privileges, or services;

   d. Failing to maintain existing accessible features, policies, and procedures;

   e. Violation of the ADA, a violation of which is a violation of the Unruh Act. Civil Code § 51(f).

34. As a result of Defendants' and their agents' acts and omissions, Plaintiff has experienced numerous barriers to access at the Hospital and its related facilities/premises, all of which have caused him major frustration, embarrassment, feelings of inadequacy, difficulty, apprehension of injury, and/or other injuries because of the discrimination he experienced and other unlawful acts of the Defendants. He has suffered physically and emotionally as a result.

35. Upon information and belief, the Hospital is also illegally inaccessible in multiple other respects. Upon further investigation and through the discovery process, Plaintiff will establish that these barriers relate to his disabilities and will prohibit him from accessing the subject facilities in the future.

36. With respect to Defendants' violations of the Unruh Act that are not predicated on violations of the ADA, Defendants' behavior was intentional: before the construction of or alteration of the subject premises, they were aware of and/or were made aware of their duties to refrain from establishing or creating discriminatory policies and physical barriers that prevent persons with mobility disabilities from obtaining full and equal access to the subject premises and its accommodations. Plaintiff has complained to Defendants to rectify their discriminatory policies and inaccessible facilities, to no avail. Defendants have thus engaged in willful affirmative misconduct in violating the Unruh Act.

37. Plaintiff's injuries are ongoing and will continue so long as Defendants do not modify their policies and procedures and provide fully accessible facilities for Plaintiff and other people with mobility disabilities.

WHEREFORE, Plaintiff requests relief as outlined below:

### THIRD CAUSE OF ACTION:

### VIOLATION OF CALIFORNIA GOVERNMENT CODE SECTION 11135

38. Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in all paragraphs of this Complaint and incorporates them herein as if separately replead.

39. Upon information and belief, the Hospital receives financial assistance from the State of California. Mr. Sherry is a person with a disability under California Government Code Section 11135.

40. The Hospital denied Mr. Sherry full access to the benefits of its programs, activities, services, and accommodations for which the Hospital receives financial assistance from the State of California, and unlawfully subjected Mr. Sherry and other persons with disabilities to discrimination under California Government Code Section 11135(a) based on their disabilities.

41. Mr. Sherry's injuries are ongoing so long as the Hospital does not remove barriers, modify its policies and procedures, and provide fully accessible facilities to Mr. Sherry and other persons with similar mobility disabilities.

WHEREFORE, Plaintiff requests relief as outlined below:

## FOURTH CAUSE OF ACTION:

## VIOLATION OF SECTION 504 OF THE REHABILITATION ACT OF 1973

**[29 U.S.C. § 794]**

42. Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in all paragraphs of this Complaint and incorporate them herein as if separately repled.

43. At all times relevant to this action, the Section 504 of Rehabilitation Act of 1973 ("Rehab Act"), 29 U.S.C. § 794, was in full force and effect and applied to the Defendants' and Hospital's conduct.

44. At all times relevant to this action, the United States Department of Justice ("DOJ") regulations implementing the Rehabilitation Act were in full force and effect and applied to the Defendants' and Hospital's conduct.

45. At all times relevant to this action, Plaintiff has had substantial limitations to the major life activities of walking and standing within the meaning of the Rehabilitation Act regulations, 45 C.F.R. § 84.3(j). Accordingly, he is a qualified individual with a disability as defined in the Rehabilitation Act. 29 U.S.C. § 705(9).

46. Upon information and belief, at all times relevant to this action, the Defendants and Hospital received federal financial assistance and were therefore programs or activities receiving federal financial assistance pursuant to 29 U.S.C. § 794(b).

47. As recipients of federal funds, Defendants and the Hospital cannot exclude Plaintiff from participation in, deny Plaintiff the benefits of, or subject Plaintiff to discrimination under any program or activity receiving Federal financial assistance. 29 U.S.C. § 794. Defendants and the Hospital are also required to reasonably accommodate persons with disabilities in their facilities, programs, services, and activities and "afford handicapped persons equal opportunity to obtain the same result, to gain the same benefit, or to reach the same level of achievement, in the most integrated setting appropriate to the person's needs." 45 C.F.R. § 84.4(b)(2).

48. As set forth above, Defendants and the Hospital discriminated against Plaintiff on the basis of his disability by denying Plaintiff meaningful access to the services, programs, activities, benefits, and facilities the Defendants and Hospital offer to other individuals.

49. Plaintiff's injuries are ongoing so long as the Defendants and Hospital do not modify their policies and procedures and provide meaningful access to services, programs, activities, benefits, and facilities at the Hospital to Plaintiff and other persons with similar mobility disabilities.

## FIFTH CAUSE OF ACTION:

## VIOLATION OF THE PATIENT PROTECTION AND AFFORDABLE CARE ACT

### [42 U.S.C. § 18116]

50. Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in all paragraphs of this Complaint and incorporates them herein as if separately repled.

51. At all times relevant to this action, the ACA has been in full force and effect and has applied to Defendants' conduct.

52. At all times relevant to this action, the ACA incorporated the definition of disability in the Rehabilitation Act, 29 U.S.C. § 705(9).

53. At all times relevant to this action, Plaintiff has had substantial limitations to the major life activities of walking and standing and has been an individual with a disability within the meaning of the Rehabilitation Act, 29 U.S.C. § 705(9) and the ACA, 42 U.S.C. § 18116.

54. At all times relevant to this action, Defendants received federal financial assistance, including Medicare and/or Medicaid reimbursements, and have been principally engaged in the business of providing health care. Therefore, Defendants are health programs or activities receiving federal financial assistance pursuant to 42 U.S.C. § 18116(a).

55. Pursuant to the ACA, "an individual shall not, on the ground prohibited under . . . section 504 of the Rehabilitation Act of 1973 (29 U.S.C. § 794), be excluded from participation in, be

1  denied the benefits of, or be subjected to discrimination under, any health program or activity, any part of which is receiving Federal financial assistance." 42 U.S.C. § 18116.

56. Federal regulations implementing the ACA provide the following purpose: "[p]rohibiting discrimination under any health program or activity receiving Federal financial assistance…on the grounds of…disability…" 45 C.F.R.§ 92.1 .

57. Federal regulations implementing the ACA provide that "[e]ach facility or part of a facility in which health programs or activities are conducted that is constructed or altered by or on behalf of, or for the use of, a recipient or State Exchange shall comply with 2010 Standards, if the construction or alteration was commenced after July 18, 2016…"45 C.F.R.§ 92.103(a).

58. As set forth above, Defendants discriminated against Plaintiff on the basis of his disabilities, in violation of the ACA and its implementing regulations.

59. As set forth above, Defendants discriminated and continue to discriminate against Plaintiff solely on the basis of his disabilities, denying him meaningful access to the services, program, and benefits that the Hospital offers to other individuals, by failing to comply with architectural accessibility standards in violation of the ACA, 42 U.S.C. § 18116.

60. Defendants discriminated against Plaintiff by failing to comply with architectural accessibility standards at the Hospital. .

61. Defendants have failed to comply with accessibility standards for building and facilities and have not implemented policies, procedures, and practices to identify, remediate, and/or remove architectural barriers to access at the Hospital to ensure compliance with the ACA. As set out above, absent injunctive relief, there is a clear risk that Defendants' actions will recur again with Plaintiff and other disabled patients and visitors to the Hospital.

62. Plaintiff is therefore entitled to injunctive relief; attorney's fees, costs, and disbursements; and compensatory damages for the injuries and loss he sustained as a result of Defendants' discriminatory conduct and deliberate indifference as hereinbefore alleged, pursuant

to 42 U.S.C. § 18116(a).

**PRAYER FOR RELIEF**

1.     Plaintiff has no adequate remedy at law to redress the wrongs suffered as set forth in this Complaint. Plaintiff has suffered and will continue to suffer irreparable injury because of the unlawful acts, omissions, policies, and practices of the Defendants as alleged herein, unless Plaintiff is granted the relief he requests. Plaintiff and Defendants have an actual controversy and opposing legal positions as to Defendants' violations of the laws of the United States and the State of California. The need for relief is critical because the rights at issue are paramount under the laws of the United States and the State of California.

WHEREFORE, Plaintiff prays for judgment and the following specific relief against Defendants:

2.     Issue a declaratory judgment that Defendants' actions, omissions, and failures violate and continue to violate the law, including, but not limited to, the following: failing to construct and/or alter the subject premises in compliance with applicable federal and state access regulations/codes/requirements, failing to remove access barriers where "readily achievable," failing to make reasonable modifications in policy and practice for Plaintiff and other similarly-situated disabled persons;

3.     Issue a preliminary and permanent injunction enjoining Defendants, their agents, officials, employees, and all persons and entities acting in concert with them:

   a. From continuing the unlawful acts, conditions, and practices described in this Complaint;
   b. To provide reasonable modifications in policies and practices for persons with mobility disabilities to ensure access to all services, facilities, and accommodations at the Hospital;

    c. To modify the Hospital and related facilities to provide full and equal access to persons with mobility disabilities, including removal of all barriers that violate applicable federal and state access regulations, codes, and requirements;

    d. To maintain such accessible features once they are provided;

    e. To train Defendants' employees and agents on how to accommodate the rights and needs of mobility disabled persons; and

    f. To implement nondiscrimination protocols, policies, and practices to ensure full and equal access for persons with mobility disabilities;

4. Retain jurisdiction over the Defendants until the Court is satisfied that Defendants' unlawful policies, practices, acts, omissions, failure to maintain accessible public facilities as complained of herein no longer occur, and cannot recur;

5. Award to Plaintiff all appropriate damages, including, but not limited to, statutory damages, general damages, treble damages, and punitive damages in amounts within the jurisdiction of the Court, all according to proof;

6. Award to Plaintiff all reasonable statutory attorney fees, litigation expenses, and costs of this proceeding as provided by law;

7. Award pre- and post-judgment interest as permitted by law; and

8. Grant any other relief that this Court may deem just and proper.

Dated: February 8, 2024

PEIFFER WOLF CARR KANE CONWAY & WISE, LLP

*/s/ Catherine Cabalo*
BY: CATHERINE CABALO

Attorneys for Plaintiff Jackson Sherry

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury.

Dated: February 8, 2024

PEIFFER WOLF CARR KANE CONWAY & WISE, LLP

*/s/ Catherine Cabalo*
BY: CATHERINE CABALO

Attorneys for Plaintiff Jackson Sherry